NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE PEREZ-GONZALEZ, | No. 20-73180 |
| Petitioner, | Agency No. A205-868-067 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2022**
Seattle, Washington

Before: HAWKINS and BUMATAY, Circuit Judges, and MOSKOWITZ,***
District Judge.

Jose Guadalupe Perez-Gonzalez, a native and citizen of Mexico, seeks review

of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

an Immigration Judge's (IJ) denial of his request for cancellation of removal based on "exceptional and extremely unusual hardship" to his U.S.-citizen children and stepchildren. *See* 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction over Perez-Gonzalez's due process claims under 8 U.S.C. § 1252(a)(2)(D), and we review de novo. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). We deny the petition for review.

1.      Even if Perez-Gonzalez could show that the BIA somehow violated his due process rights by declining to consider his children's birth certificates, which he submitted for the first time on appeal, his challenge fails because he cannot show prejudice. *See Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021) (noting that prejudice is required for reversal based on a due process violation, "mean[ing] that the outcome of the proceeding *may* have been affected by the alleged violation" (quoting *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000))). Both the IJ and BIA assumed the children were U.S. citizens and qualifying family members and denied relief after finding that the hardship they would experience did not rise to the level of "exceptional and extremely unusual." Perez-Gonzalez does not challenge the hardship finding itself, and we would not have jurisdiction to review the agency's "subjective, discretionary determination" in any event. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

2.     The record does not support Perez-Gonzalez's argument that the IJ predetermined the outcome of the proceedings.  The IJ conducted a full hearing, and the decision indicates a thorough review of the evidence and testimony.  *Cf. Zolotukhin v. Gonzales*, 417 F.3d 1073, 1075–76 (9th Cir. 2005) (finding prejudgment existed where IJ stated petitioner's testimony was unbelievable and excluded key witness testimony).  Neither the IJ's reliance on written materials when delivering a long oral decision nor the denial of relief itself is evidence of predetermination.

**PETITION FOR REVIEW DENIED.**